UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOSEPH SADLER,                    Case No. 15-11591

            Plaintiff,                    George Caram Steeh
v.                                        United States District Judge

COMMISSIONER OF SOCIAL SECURITY,          Stephanie Dawkins Davis
                                          United States Magistrate Judge
            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 17)**

**I.     PROCEDURAL HISTORY**

      A.     Proceedings in this Court

On May 4, 2015, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge George Caram Steeh referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claims for a period of disability, disability insurance benefits and supplemental security income. (Dkt. 4).  Both parties filed motions for summary judgment in this case.  (Dkt. 14, 17).  This matter was reassigned to the undersigned pursuant to Administrative Order on January 5, 2016.  (*See* Text-only Order of Reassignment).  This matter is

now ready for report and recommendation.

      B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claim for disability insurance benefits and supplemental security income on September 17, 2012, alleging disability beginning November 30, 2009. (Dkt. 12-2, Pg ID 61). Plaintiff's claims were initially denied by the Commissioner on January 29, 2013. *Id.* Plaintiff requested a hearing and on December 13, 2013, plaintiff testified before Administrative Law Judge ("ALJ") Andrew G. Sloss, who considered the case *de novo*. (Dkt. 12-2, Pg ID 76-87). In a decision dated January 13, 2014, the ALJ found that plaintiff was not disabled. (Dkt. 12-2, Pg ID 61-72). Plaintiff requested a review of that decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on March 11, 2015, denied plaintiff's request for review. (Dkt. 12-2, Pg ID 36-39); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the decision of the Commissioner of Social Security be **AFFIRMED**.

2:15-cv-11591-GCS-SDD   Doc # 20   Filed 08/18/16   Pg 3 of 29   Pg ID 561

## II.    FACTUAL BACKGROUND

### A.    <u>ALJ Findings</u>

Plaintiff was born in 1961 and was 48 years old on the alleged onset date,

November 30, 2009.  (Dkt. 12-2, Pg ID 71).  Plaintiff had past relevant work as a

machine operator and mechanic.  *Id*.  The ALJ applied the five-step disability

analysis to plaintiff's claims and found at step one that plaintiff had not engaged in

substantial gainful activity since the alleged on-set date to the date, November 30,

2009.  (Dkt. 12-2, Pg ID 63).  At step two, the ALJ found that plaintiff had the

following severe impairments: degenerative disc disease; right rotator cuff tear;

irritable bowel syndrome; depressive disorder and cannabis dependence.  *Id*.  At

step three, the ALJ found no evidence that plaintiff's combination of impairments

met or equaled one of the listings in the regulations.  (Dkt. 12-2, Pg ID 63-65).

The ALJ determined that plaintiff had the residual functional capacity

(RFC) to perform light work...

> [h]e can frequently climb ramps and stairs; he may
> occasionally reach in any direction bilaterally. [He]
> requires the option to sit or stand at will. He cannot
> perform complex tasks, but retains the ability to perform
> semiskilled tasks on a sustained basis.

(Dkt.12-2, Pg ID 65).  At Step Four, the ALJ found that plaintiff could not perform

his past relevant work.  (Dkt. 12-2, Pg ID 71).  However, the ALJ determined that,

considering plaintiff's age, education, experience, and RFC, there were jobs that

exist in sufficient numbers that plaintiff can perform and therefore, plaintiff had not been under a disability from the alleged onset date through the date last insured.  (Dkt. 12-2, Pg ID 71-72).

  B. <u>Plaintiff's Claims of Error</u>

  Plaintiff argues that the ALJ's decision of non-disability is not supported by substantial evidence because the ALJ improperly discounted the opinion of plaintiff's treating primary care physician.  (Dkt. 14, Pg ID 507-509).  Plaintiff specifically argues that the treating physician rule requires the ALJ to give the treating source's opinion on the nature and severity of the impairments controlling weight as long as it is well-supported by medically accepted clinical or laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.  (Dkt. 14, Pg ID 507).  Plaintiff contends that if the ALJ finds that the treating physician's opinion is not entitled to controlling weight, the decision must include specific reasons for the weight assigned to the treating source's opinion, supported by evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewer the weight the adjudicator gave the treating source's medical opinion and the reasons for that weight.  (Dkt. 14, Pg ID 507-508).

  Plaintiff argues that the ALJ's stated reasons for giving the opinions of plaintiff's treating primary care physician, Dr. Michael Somand, little weight are

not supported by substantial evidence. (Dkt. 14, Pg ID 508). According to plaintiff, the ALJ's vague and conclusory determination does not constitute the "good reasons"contemplated by SSR 96-2p, and it is not "sufficiently specific to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." See SSR 96-2p. *Id*. Plaintiff argues that the ALJ does not identify how "the record as a whole" does not support Dr. Somand's opinion. (Dkt. 14, Pg ID 509). Furthermore, according to plaintiff, the ALJ does not discuss Dr. Somand's opinion in relation to the other medical evidence of record, including the psychological treatment records. *Id*. Since Dr. Somand's opinion is supported by objective findings, and uncontradicted by any other opinion evidence in the record, plaintiff contends that the ALJ's determination to discredit this evidence is not supported by substantial evidence. *Id*. Moreover, he argues that the ALJ fails to follow the procedural aspect of the treating physician's rule. *Id*. On this basis, plaintiff argues that this case should be remanded for proper consideration of these opinions. *Id*.

Plaintiff also argues that the ALJ's findings are not supported by substantial evidence because the ALJ indicates that plaintiff has "moderate difficulties" in the ability to maintain concentration, persistence, and pace, yet he does not provide an explanation or accommodate these "moderate limitations" in his RFC assessment

and hypothetical questioning of the VE. (Dkt. 14. Pg ID 509-510).  Despite

finding plaintiff has "moderate" limitations in concentration, persistence, and

pace, the ALJ determines that plaintiff is capable of performing "semiskilled tasks

on a sustained basis."  (Dkt. 12-2, Pg ID 65).  In effect, plaintiff argues, that the

ALJ's RFC determination does not include of the ALJ's own assessed limitations

of plaintiff.  As a result, the ALJ's RFC assessment and corresponding

hypothetical questions of the VE cannot be said to be supported by substantial

evidence.  (Dkt. 14,  Pg ID 510).   Plaintiff argues that when addressing the claim

that an ALJ's RFC assessment and related hypothetical do not properly account

for a claimant's established "moderate" limitations in CPP, courts have

acknowledged that simply limiting the same claimant to "unskilled work" is not

sufficient since "the difficulty of a task does not always equate with the difficulty

of staying on task."  (Dkt. 14, Pg ID 511).

Moreover, plaintiff contends that where, as here, the ALJ rather than a

physician or mental health expert determined Plaintiff has moderate deficiencies in

CPP, he needed to explain how this determination was accounted for in his RFC

assessment and hypothetical questions to the VE. (Dkt. 14, Pg ID 513).  According

to plaintiff, without such an explanation, the ALJ's RFC findings, and responses

to his hypothetical questions from the VE, cannot be said to be supported by

substantial evidence. In addition, a finding of "moderate" concentration,

6

persistence, and pace limitations is not consistent with performing semi-skilled

work tasks.  Therefore, plaintiff urges, remand is appropriate.

      C.    <u>The Commissioner's Motion for Summary Judgment</u>

      The Commissioner contends that, contrary to plaintiff's argument,

substantial evidence supports the weight the ALJ assigned to Dr. Somand's

opinion.  (Dkt. 17, Pg ID 537-544).  First, the Commissioner argues that Dr.

Somand's medical statement is not a medical opinion to be afforded controlling

weight under the treating physician rule.  (Dkt. 17, Pg ID 538).  Pursuant to 20

C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3), the Commissioner "[w]ill not give

any special significance to the source of an opinion on issues reserved to the

Commissioner described in paragraphs (d)(1) and (d)(2) of this section."

According to the Commissioner, Dr. Somand's medical "opinion" is a four-page

"Physical Residual Functional Capacity Questionnaire (Dkt. 12-9, Pg ID 489-

493)."  (Dkt. 17, Pg ID 538).  The Commissioner notes that Dr. Somand's

commentary regarding plaintiff's functional limitations in a competitive work

situation, and his ability to perform certain activities, is not a clinical notation nor

does it document a contemporaneous examination.  (Dkt. 17, Pg ID 539).

According to the Commissioner, in *Curler v.Comm'r of Soc. Sec.*, 561 Fed. Appx.

464 (6th Cir. 2014), the Sixth Circuit concluded that a treating physician's medical

questionnaire was not entitled to controlling or particular weight since it was not a

clinical note or report of a contemporaneous examination, but rather the physician's opinion regarding the claimant's inability to work.  In *Curler*, the physician "left blank every available area for remarks and universally failed to include any references, notes, or test results." *Curler v. Comm'r of Soc. Sec.*, 561 Fed. Appx. at 471.  The Commissioner argues that the form completed by Dr. Somand is similarly deficient and should not be afforded controlling weight.  (Dkt. 17, Pg ID 539-540).

The Commissioner further argues that, to the extent that this Court considers Dr. Somand's medical statement to be a medical opinion, the ALJ properly assigned it low probative value.  (Dkt. 17, Pg ID 540).  The Commissioner acknowledges that when an ALJ declines to afford controlling weight to a treating physician's opinion, the ALJ is required to give "good reasons" for the weight given the treating source opinion.

The Commissioner notes that if the ALJ decides not to give controlling weight to the [treating physician's] opinion, he will consider 1) the length of the treatment relationship and the frequency of the examination, 2) the nature and extent of the treatment relationship, 3) the supportability of the opinion, 4) the consistency of the opinion with the record as a whole, and 5) the specialization of the physician.   Here, the Commissioner maintains that the ALJ considered all five factors noted above.  The ALJ addressed the length of the treatment relationship

and frequency of examination (factor one), and the nature and extent of the treatment relationship (factor two), through a detailed recitation of the medical treatment records.  (Dkt. 17, Pg ID 541).  Dr. Somand himself noted the frequency of his treatment of plaintiff (every six months) in his medical source statement dated in November 2013.  The ALJ also addressed the third and fourth factors (the supportability of the opinion and the consistency of the opinion).  Namely, the ALJ explained that Dr. Somand's opinion did not include any signs or clinical findings that could account for Plaintiff's alleged limitations, and was inconsistent with the record as a whole, including Dr. Somand's own treatment notes (Dkt. 12-2, Pg ID 68).  (Dkt. 17, Pg ID 541).  Finally, the Commissioner argues the ALJ addressed the fifth and final factor (physician's specialization) by accurately describing Dr. Somand as a primary care physician.  (Dkt. 17, Pg ID 541).

The Commissioner argues that the ALJ's determination provides an adequate rationale with respect to Dr. Somand's medical opinion.  The Commissioner notes that the ALJ correctly reasoned that the treating physician's conclusions are "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record."  (Dkt. 17, Pg ID 542).  Contrary to plaintiff's argument, the Commissioner contends that the record reveals that there indeed is contradictory medical evidence.  For example, Dr. Kuiper found that Plaintiff could occasionally lift and/or carry 20 pounds, and

could frequently lift and/or carry 10 pounds.  (Dkt. 12-3, PgID 95).  Plaintiff could

occasionally push and pull with the bilateral upper extremities, and he could

frequently climb stairs. *Id*.  He could occasionally climb ladders, ropes, and

scaffolds; and he could occasionally stoop, crouch, and crawl.  (Dkt. 12-3, PgID

96).  He could frequently kneel.  *Id*.  On the other hand, Dr. Somand indicated that

plaintiff could "never" lift and carry any weight in a competitive work situation

(Dkt. 12-9, PgID 491) let alone 10 or 20 pounds. Furthermore, Dr. Somand said

that plaintiff could "rarely" twist, stoop (bend), crouch/squat, and "never" climb

ladders or stairs.  (Dkt. 12-9, PgID 492).  A statement that plaintiff can "never"

climb stairs (as described by Dr. Somand) is certainly contradicted by a statement

that Plaintiff can "frequently" climb stairs.  Hence, plaintiff is incorrect in arguing

that Dr. Somand's opinion is uncontradicted by any other opinion evidence in the

record, and therefore the Court should reject plaintiff's argument. (Dkt. 17, PgID

544).

The Commissioner also contends that plaintiff's argument that substantial

evidence does not support the ALJ's assessment of plaintiff's RFC must fail.

(Dkt. 17, Pg ID 545).  Plaintiff argues that while the ALJ found that plaintiff

has "moderate difficulties" in his ability to maintain concentration, persistence,

and pace ("CPP"), he "does not provide an explanation or accommodate these

'moderate limitations' in his RFC assessment and that the ALJ's determination

that plaintiff is capable of performing "semi-skilled tasks on a sustained basis,"

contradicts the finding of "moderate" limitations of CPP.  *Id*.  The Commissioner

argues that a limitation to certain work can be sufficient where a medical

professional has determined that a claimant has moderate limitations in CPP but is

still able to work.  *Hicks v. Comm'r of Soc. Sec.*, 2011 WL 6000701 at *6 (E.D.

Mich. Nov. 28, 2011).  (Dkt. 17, Pg ID 546-547).  The Commissioner

acknowledges that courts have remanded ALJ decisions where the ALJ made his

or her own CPP determination, but did not incorporate this determination into the

RFC determination.  (Dkt. 17, Pg ID 546).  This Court  explained this apparent

distinction, in its decision in *Fournier v. Comm'r of Soc. Sec.*, 2015 WL 5272136

(E.D. Mich. Aug. 21, 2015), in which Magistrate Judge Hluchaniuk wrote:

> *Hicks* highlights an important reason the outcomes of
> these seemingly similar cases are often so different. The
> cases within this District that do not remand for the ALJ
> to include moderate concentration, persistence, or pace
> limitation are distinguishable because a medical
> professional has made a specific finding that the claimant
> had moderate difficulties in concentration, persistence,
> or pace, but could still work on a sustained basis. *Hicks*,
> 2011 WL 6000701 at *4. Judge Michelson distinguished
> the cases where a medical professional found moderate
> difficulties in concentration, persistence, or pace, from
> cases like *Benton v. Comm'r of Soc. Sec.*, 511 F.Supp.2d
> 842 (E.D. Mich. 2007) and the facts of *Hicks*, where the
> ALJ (rather than a medical professional) made the
> finding of moderate limitations in concentration,
> persistence, or pace.

11

*Fournier*, 2015 WL 5272136 at *10. (Dkt. 17, Pg ID 547).

The Commissioner argues that plaintiff is wrong in stating that the ALJ did not rely upon any physician or mental health expert's opinion for his finding of "moderate" CPP. (Dkt. 17, Pg ID 547). The Commissioner notes that State Agency Examiner Jerry Csokasy, Ph.D., determined that Plaintiff had "moderate" difficulties in CPP, and also determined that plaintiff was able to perform semi-skilled tasks on a sustained basis. (Dkt. 12-2, Pg ID 70). The Commissioner contends that because the ALJ's determination as to plaintiff's moderate difficulties in CPP, as well as the ability to perform semi-skilled tasks on a sustained basis, was not merely his own, but rather was based on expert medical opinion, plaintiff's arguments for remand are unwarranted and should be rejected. (Dkt. 17, Pg ID 548).

D.    Plaintiff's Reply Brief

Plaintiff counters the Commissioner's argument that the medical source opinion of Dr. Somand "is not a medical opinion to be afforded controlling weight under the treating physician rule," by noting that Dr. Somand provided a treating physician opinion outlining plaintiff's: diagnoses; symptomology; location and nature of pain; clinical and objective findings; prescribed medications; and his capacity to sit, stand, walk, lift, and carry. (Dkt. 12-9, PgID 491-492). Plaintiff refutes the Commissioner's contention that Dr. Somand's opinion was not entitled

to controlling weight because no records were attached to his medical opinion, by emphasizing that counsel submitted treatment records from Dr. Somand into the record. (Dkt. 18, Pg ID 553). Plaintiff argues that Dr. Somand's Physical Residual Functional Questionnaire was entitled to controlling weight because it contained his professional medical opinion of plaintiff's ability to tolerate both exertional and non-exertional job-related functions. (Dkt. 12-9, Pg ID 489-492).

Plaintiff also argues in his reply brief that the Commissioner's justification for giving Dr. Somand's opinion  low probative value is merely her own post-hoc rationalization of the ALJ's determination to discredit Dr. Somand's opinion. (Dkt. 18, Pg ID 554). According to plaintiff, the problem here is that the ALJ fails to provide "sufficiently specific" reasons for rejecting Dr. Somand's opinion, and therefore, this Court cannot properly determine whether substantial evidence supports the ALJ's conclusion and thus remand is appropriate. *Id.*

Plaintiff asserts that defendant incorrectly argues that the ALJ's determination as to plaintiff's moderate difficulties in CPP, as well as the ability to perform semi-skilled tasks on a sustained basis, was not merely his own, but rather was based upon expert medical opinion. *Id*. Plaintiff supports this argument by noting that the ALJ does not mention Dr, Csosky's opinion in his Step III determination. On this basis, plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence and requires remand. (Dkt. 18, Pg ID 555).

### III. DISCUSSION

A. <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case

14

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

16

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

17

which has lasted or can be expected to last for a
continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.    Analysis

    1.    *Treating Physician Opinion*

"Medical opinions are statements from physicians and psychologists or other 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions."  SSR 06-3p, 2006 WL 2329939, at *2 (2006).  An opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "non-examining source"), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source").  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (internal citations omitted).

    An ALJ is required to give controlling weight to the opinions of a treating source if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2).  If the ALJ chooses not to give a treating source controlling weight, the ALJ must still "apply certain factors—namely, the length of the treatment relationship and the frequency of

20

examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 802 (E.D. Mich. 2013) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

When refusing to give controlling weight to a treating source, an ALJ must give good reasons for discounting the weight given to a treating-source opinion. *Dickey-Williams*, 975 F.Supp.2d at 803 (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013)).  These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.  *Gayheart*, 710 F.3d at 376.  This procedural requirement ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.  *Id.*

Furthermore, "a treating physician's opinion is only entitled to such ... deference when it is a medical opinion." *Curler v. Commr. of Soc. Sec.*, 561 Fed. Appx. 464, 471 (6th Cir. 2014)(quoting *Turner v. Comm'r of Soc. Sec.*, 381 Fed.Appx. 488, 492–93 (6th Cir.2010)).   If the treating physician submits an opinion on an issue reserved to the Commissioner—such as whether the claimant

21

is disabled, unable to work, the claimant's RFC, or the application of vocational factors—his decision need only explain the consideration given to the treating source's opinion. *Id.*(citing *Johnson v. Comm'r of Soc. Sec.*, 535 Fed.Appx. 498, 505 (6th Cir.2013)).  The opinion, however, "is not entitled to any particular weight." *Turner*, 381 Fed.Appx. at 493.

Finally, "courts have increasingly questioned the evidentiary value of 'multiple choice' opinion forms...which are not supported by clinical records." *Dean v. Comm'r of Soc. Sec.*, 2016 WL 878331, at *2 (E.D. Mich. 2016) (quoting *Lane v. Comm'r of Soc. Sec.*, 2013 WL 5428739, at *9 (W.D. Mich. 2013) (report and recommendation finding no error in ALJ discounting multiple choice opinion form that was unsupported by evidence or explanation).

Plaintiff argues that Dr. Somand's opinion is supported by objective findings, and uncontradicted by any other opinion evidence in the record, and thus the ALJ's determination to discredit this evidence is not supported by substantial evidence.  To the contrary, the undersigned finds that the ALJ justifiably refused to give Dr. Somand's opinion controlling weight.

First, Dr. Somand's Physical Residual Capacity Questionnaire was not accorded controlling weight because the "check the box" form expresses opinions on matters reserved to the Commissioner, namely the plaintiff's RFC and application of vocational factors.  *See Curler*, 561 Fed. Appx. at 471.  As was the

22

case in *Culer*, the form that Dr. Somand filled out is not a clinical note, nor does it

document a contemporaneous examination of the patient; it is a questionnaire that

provides the state agency with "information about how [a] patient's diagnosed

medical condition[s]" affect his ability to function "in a regular work-setting on a

day-to-day basis." *Id.*  In completing the multiple-choice, check-the-box form, Dr.

Somand did not explain reasons for his conclusions and failed to include any

references, notes, or test results.  Because the solicited information is not a

medical opinion, but rather a series of check marks addressing plaintiff's

vocational limitations, but without supporting explanation or clinical records, it is

not entitled to controlling weight. *See id.;Johnson*, 535 Fed.Appx. at 505; *see also,*

*Dean*, 2016 WL 878331, at *2.

Furthermore, as noted by the ALJ, "Dr. Somand's treatment records do not

contain any signs or clinical findings that could account for these substantial

limitations," (Dkt. 12-2, PgID 68) or, in other words, the limitations are not

well-supported by medically acceptable clinical and laboratory diagnostic

techniques.  20 C.F.R. § 404.1527(c)(2).  Dr. Somand's opinions are also

inconsistent with other substantial evidence in the record. *Id*.  Although it is true

the general phrase that an opinion is "not supported" or "inconsistent," without

more, may not always be sufficient and the ALJ did not immediately enumerate

specifically what evidence conflicted with Dr. Somand's opinions, a review of the

23

entire decision reflects discussion and details of evidence inconsistent with Dr.

Somand's considerable limitations. *See Dickey-Williams v. Commr. of Soc. Sec.*,

975 F. Supp. 2d 792, 804 (E.D. Mich. 2013).

For example, the ALJ notes that in January 2010, plaintiff was diagnosed

with mild cervical spinal stenosis, and that same month, was discharged from

physical therapy having met all goals and demonstrating significant improvement.

(Dkt. 12-2, Pg ID 67). The ALJ references treatment notes from April 2011 in

which plaintiff complained of only occasional back pain which was relieved by

Motrin or Tylenol. *Id.* Dr. Somand prescribed Tramadol and Ultram for more

significant pain. A treatment note from November 2012 notes that Tramadol

relieved most of plaintiff's pain. *Id.* The ALJ notes records from emergency

treatment plaintiff received in August 2013, which reflect a diagnosis of lumbar

strain with no neurological deficits. (Dkt. 12-2, Pg ID 68). The ALJ discusses the

findings of consulting examiner, Dr. Edmond, a physiatrist. (Dkt. 12-2, Pg ID 68-

69). She notes that plaintiff limped favoring his left leg, was unable to stand on

heels, toes, tandem walk, or squat, experienced pain from grip strength testing, and

had decreased range of motion in the cervical and lumbar spines and bilateral

shoulders. (Dkt. 12-2. Pg ID 69). As referenced by the ALJ, Dr. Edmond noted

negative straight leg tests, a normal neurological evaluation and fine and gross

dexterity sufficient to open a jar, button, write, tie shoes and pick up a coin. *Id*.

The ALJ also notes that there is only one notation of arthritis of the hands from 2009.  (Dkt. 12-2, Pg ID 70).  The ALJ has recited evidence inconsistent with Dr. Somand's opinions regarding plaintiff's limitations such that this is not a case in which the Court could not determine, under the principles of "meaningful [appellate] review of the ALJ's decision," what evidence the ALJ relied on to substantiate his conclusion of less than controlling weight.  *See Dickey-Williams*, 974 F.Supp.2d at 804.  Because the evidence the ALJ relied on not only existed, but was discussed in the decision, the undersigned finds that the ALJ satisfied the controlling weight test.  *See id.*

Additionally, the undersigned finds that ALJ's recitation of record evidence inconsistent with Dr. Somand's opinions, as discussed *supra*, served as the requisite good reason for him to assign those opinions little weight.  *See Dickey-Williams*, 975 F.Supp.2d at 801-807.  Because the undersigned agrees that the ALJ properly applied the treating physician rule, remand on this matter is not necessary and the Commissioner's decision may be affirmed.

## 2.    *RFC Assessment*

This court has determined that "there is no bright-line rule requiring remand whenever an ALJ's hypothetical includes a limitation of 'unskilled, routine work' but excludes a moderate limitation in concentration.  Rather, this Court must look at the record as a whole and determine if substantial evidence supports the ALJ's

RFC. *Smith v. Comm'r of Soc. Sec.*, 2013 WL 6094745, at *8 (E.D. Mich. Nov. 20, 2013), citing *Hess v. Comm'r of Soc. Sec.*, 2008 WL 2478325, at *7 (E.D. Mich. June 16, 2008); *see also Lewicki v. Comm'r of Soc. Sec.,* 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010).  The essential question here is whether the ALJ's conclusion that plaintiff was limited to semi-skilled tasks sufficiently accommodated the finding that plaintiff had moderate difficulties in concentration, persistence, or pace.  This issue has been addressed numerous times in this District, with seemingly conflicting results.  *Fournier v. Commr. of Soc. Sec.*, 2015 WL 5272136, at *10 (E.D. Mich. Aug. 21, 2015), report and recommendation adopted, 2015 WL 5443278 (E.D. Mich. Sept. 9, 2015).  In *Hicks v. Comm'r of Soc.Sec.*, 2011 WL 6000701 at *4 (E.D. Mich. 2011), the court

> highlights an important reason the outcomes of these seemingly similar cases are often so different.  The cases within this District that do not remand for the ALJ to include a moderate concentration, persistence, or pace limitation are distinguishable because a medical professional had made a specific finding that the claimant had moderate difficulties in concentration, persistence, or pace, but could still work on a sustained basis. *Hicks*, 2011 WL 6000701, *4. Judge Michelson distinguished the cases where a medical professional found moderate difficulties in concentration, persistence, or pace, from cases like *Benton v. Comm'r of Soc. Sec.*, 511 F.Supp.2d 842 (E.D. Mich. 2007) and the facts of *Hicks*, where the ALJ (rather than a medical professional) made the finding of moderate limitations in concentration, persistence, or pace.

*Fournier*, 2015 WL 5272136, at *10 .

Plaintiff does not dispute that the distinction identified and explained in *Hicks* and *Fournier* is applicable and determinative in this case. *See Hicks*, 2011 WL 6000701at *6 and *Fournier*, 2015 WL 5272136 at *10; (Dkt. 18). Instead, he argues that the ALJ, not Dr. Csosky, made the finding regarding plaintiff's CPP limitations. Plaintiff argues that the ALJ's failure to cite to Dr. Csosky's findings regarding plaintiff's limitations in CPP in the Listed Impairment portion of the decision establishes that the ALJ, and not Dr. Csosky, assessed those limitations. (Dkt. 18). Plaintiff does not explain or cite any authority for why the CPP discussion within the Step III portion of the decision is paramount in the determination of who made the findings regarding plaintiff's CPP limitations. Indeed, plaintiff's argument inexplicably ignores the ALJ's two-paragraph discussion of Dr. Csosky's assessment of moderate limitations in plaintiff's CPP abilities, and his specific finding that plaintiff retained the ability to perform semiskilled tasks on a sustained basis, notwithstanding his moderate limitations in CPP. (Dkt. 12-2, Pg ID 70). The undersigned finds that the ALJ clearly relied on Dr. Csosky's finding of moderate limitations in CPP and plaintiff's retained ability to perform semiskilled tasks on a sustained basis regardless of those limitations. Accordingly, under *Hicks* and *Fournier*, the RFC is supported by substantial evidence and remand is not necessary.

27

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED** .

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

28

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 18, 2016                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>August 18, 2016</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                          s/Tammy Hallwood_____
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov