UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOSEPH SADLER,

     CASE NO. 15-cv-11591
  Plaintiff,   HONORABLE GEORGE CARAM STEEH

 v.

COMMISSIONER OF
SOCIAL SECURITY,

  Defendant.
_____/

OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DOC. #20),
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #24),
DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (DOC. #14), GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC. #17) AND DISMISSING CASE

  This matter is before the court on the parties' cross-motions for summary judgment. Plaintiff William Sadler appeals from the final decision of the defendant Commissioner of Social Security denying his application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff alleges that, since November 30, 2009, he has been disabled due to degenerative disc disease; right rotator cuff tear, irritable bowel syndrome, depressive disorder and cannabis dependence. The matter was referred to a magistrate judge for issuance of a report and recommendation ("R&R"). Magistrate Judge Stephanie Davis issued an R&R recommending that plaintiff's motion for summary judgment be denied, that the commissioner's motion for summary judgment be granted, and that the findings of the commissioner be affirmed. Plaintiff has filed objections to the magistrate judge's R&R. For the reasons that follow, the R&R will be accepted, plaintiff's objections

will be overruled and his motion for summary judgment denied, and the commissioner's motion for summary judgment will be granted.

## I. BACKGROUND

Plaintiff does not object to the magistrate judge's recitation of the facts and procedural history in the R&R. The court adopts and incorporates that portion of the R&R in full without repeating it here. This opinion addresses plaintiff's objections to the R&R.

## II. LEGAL STANDARDS

### A. Review of Commissioner's Decision

An individual may obtain review of any final decision made after a hearing by the Commissioner of Social Security by filing an action in federal district court. 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the commissioner's decision, with or without remand. *Id.* Findings of fact by the commissioner are conclusive if supported by substantial evidence. *Id.* The commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record and the commissioner applied the correct legal standard. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

### B. Review of Magistrate Judge's Report and Recommendation

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III. DISCUSSION

Plaintiff raises two objections to the magistrate judge's R&R.  The court discusses the objections in turn.

### A. Whether The ALJ Violated the Treating Physician Rule

First, plaintiff argues that the magistrate judge erred in concluding that the ALJ properly applied the treating physician rule.  Specifically, plaintiff argues that the ALJ summarily concluded that "[t]he undersigned assigns little weight to the opinion of Dr. Somand . . . as it is inconsistent with the record as a whole" without identifying substantial evidence in the record to support this conclusion.

An ALJ must give the medical opinion of a treating source controlling weight if the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted); 20 C.F.R. § 404.1527(c)(2).  If the ALJ does not give the treating source controlling weight, the ALJ is to "apply certain factors – namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544.

The regulations require the ALJ to state specific reasons for the weight given to the treating source's opinion, supported by evidence in the case record.  These reasons must be sufficient to "make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v.*

*Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013 (citing SSR 96–2p, 1996 WL 374188, at *5 (1996)).

Only medical opinions are entitled to deference under the treating physician rule. *Curler v. Comm'r of Soc. Sec.*, 561 Fed. Appx. 464, 471 (6th Cir. 2014) (citation omitted). If the treating physician opines on an issue reserved to the Commissioner, the ALJ need only "explain the consideration given to the treating source's opinion." *Id.* In that case, the opinion "is not entitled to any particular weight." *Id.*

Dr. Somand's opinion was expressed on a Physical Residual Capacity Questionnaire. This form expressed opinions on plaintiff's residual functional capacity ("RFC") and the application of vocation factors, which are matters reserved to the Commissioner. *See id.* The form filled out by Dr. Somand is not a clinical note and it does not document a contemporaneous examination of plaintiff. Rather, it is an opinion about plaintiff's ability to work.

The ALJ looked at Dr. Somand's treatment notes dating back to the beginning of the physician-patient relationship in 2011. Dr. Somand notes that plaintiff's back pain was generally relieved by Motrin or Tylenol. Dr. Somand did prescribe medication for more significant pain, which he noted worked most of the time. Dr. Somand also prescribed medication for plaintiff's depressive disorder. The ALJ looked at the record as a whole and concluded that Dr. Somand's own treatment records "do not contain any signs or clinical findings that could account for [the] substantial limitations" he provided in his clinical source statement. The ALJ relied on record evidence in making the determination to give Dr. Somand's opinions less than controlling weight, despite the fact that he was plaintiff's treating physician. As the ALJ concluded, this is not a case in which the court cannot

determine what evidence the ALJ relied on to substantiate his conclusion that the treating physician's opinion should be given less than controlling weight.

Plaintiff's arguments that the ALJ violated the treating physician rule are without merit. For these reasons, plaintiff's first objection is overruled.

### B. The RFC Determination

Second, plaintiff argues that the ALJ's RFC assessment was in error because the ALJ does not rely on any physician or mental health expert in reaching his determination that plaintiff has "moderate" concentration, persistence, and pace ("CPP") limitations at Step 3 of the evaluation, but instead reaches this conclusion upon his own analysis. On the contrary, the ALJ's decision clearly indicates that he relied on State Agency Examiner Dr. Jerry Csokasy's opinion that plaintiff "had moderate limitations in his ability to maintain attention and concentration for extended periods" and that plaintiff "retained the ability to perform semiskilled tasks on a sustained basis." (Dkt. 12-2, Pg ID 70). The ALJ states that he "assigns great weight to the opinion of Dr. Csokasy regarding the claimant's mental ability to perform basic work activities, as it is consistent with the medical evidence of record as a whole." *Id.*

Plaintiff's objection that the ALJ failed to incorporate these limitations into his RFC assessment and hypothetical questions, and therefore the case should be remanded, is based on cases in which the ALJ made the finding of moderate limitations in CPP. *See, e.g., Benton v. Comm'r of Soc. Sec.*, 511 F.Supp.2d 842 (E.D. Mich. 2007). Here, the ALJ relied on the opinion of a medical professional, so plaintiff's objection is without merit. *See Hicks v. Comm'r of Soc. Sec.*, No. 10-13643, 2011 WL 6000701, at *4 (E.D. Mich. 2001). The hypothetical posed to the vocation expert included the following limitation, directly

supported by the opinion of Dr. Csokasy: "His psychological symptoms interfere with his ability to perform complex tasks, but he retains the ability to perform semi-skilled tasks on a sustained basis." (Dkt. 12-2, Pg ID 86).

The court finds the ALJ's RFC determination is supported by substantial evidence. Thus, plaintiff's second objection is overruled.

## IV. CONCLUSION

For the reasons explained above, the Court ACCEPTS the magistrate judge's report and recommendation (Doc. #20), OVERRULES plaintiff's objections (Doc. #24), DENIES plaintiff's motion for summary judgment (Doc. #14), GRANTS the commissioner's motion for summary judgment (Doc. #17) and DISMISSES this case.

IT IS SO ORDERED.

Dated: September 21, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 21, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk